LAWES v. PERLOFF

(March 23, 1931. Opinion and Decree.)

(*No Syllabus*)

Hugh M. Wilkinson and McLoughlin & West, of New Orleans, attorneys for plaintiff, appellee.

Moise & Dunbar, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit to recover property damages alleged to have resulted from an automobile collision at the corner

of South Broad and Gravier streets, this city, on February 9, 1930, at 9 a. m.

The charge of negligence against defendant is his failure to stop and blow his horn and give plaintiff the right of way accorded him by the provisions of the traffic ordinance of the City of New Orleans. Defendant denied liability and averred that the damage to plaintiff's car was the result of plaintiff operating his car at an excessive rate of speed and not having it under proper control.

There was judgment in favor of plaintiff in the sum of $139.67 and defendant has appealed.

The record shows that plaintiff was driving downtown on the riverside roadway of Broad street which has a neutral ground in the center with paved thoroughfares on each side of it. The defendant's automobile was moving on Gravier street in the direction of the river. The automobiles collided at the point where these two streets intersect, the front bumper of defendant's car striking the left rear fender of plaintiff's car which overturned on its right side. Defendant's car came to a stop practically in the intersection.

Defendant does not pretend that he observed the provisions of section D of article 7 of ordinance No. 7490 C. C. S. by coming to a full stop and blowing his horn before leaving the neutral ground to enter the riverside thoroughfare of Broad street. It is clear that he was at fault in this respect. The sole contention before this court is that the blow that defendant's car struck plaintiff's car was not sufficient to cause it to overturn and, as the damages sued for were caused by plaintiff's car overturning, defendant's negligence was not the proximate cause of the damages, but that plaintiff was driving his car at an excessive rate of speed which caused it to overturn.

Defendant testified that he did not see plaintiff's car until the moment of the collision. The charge of excessive speed on the part of plaintiff is inferred from the fact that only the front bumper of defendant's car was broken and the left rear fender of plaintiff's car slightly damaged. From this it is argued that the blow was slight and, therefore, from the physical facts it is apparent that plaintiff's car was traveling at an excessive rate of speed.

Plaintiff's evidence, as to the speed of his car consisted of the testimony of a young lady, his sister, his wife and himself, which tends to show that he was traveling about twenty or twenty-five miles an hour at the time of the collision. Their testimony further shows that defendant slackened his speed as he approached the intersection and plaintiff says that he assumed, as he had a right to do, that the defendant was about to observe the traffic ordinance and stop his car in order to permit plaintiff to proceed on his way.

The evidence convinces us that plaintiff was not operating his car at an excessive rate of speed and that it was under proper control. It appears to us that plaintiff's car turned over as a result of being struck by defendant's car and plaintiff's effort to suddenly swerve to the right to avoid the collision. The negligence of defendant was, therefore, the proximate cause of plaintiff's car overturning.

No complaint has been made as to the quantum of damages allowed, consequently and for the reasons herein assigned, the judgment appealed from is affirmed.